10/30/2020 6:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47703953
By: Adiliani Solis
Filed: 10/30/2020 6:03 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| STEVEN STELLY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, L.P. | § | |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Steven Stelly ("***Plaintiff***") files this Original Petition against Defendant Kroger Texas, L.P. ("***Defendant***" or "***Kroger***").

### DISCOVERY LEVEL 2

1.      Pursuant to Rules 190.1 and 190.2 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.      Plaintiff is an individual residing in Harris County, Texas. Plaintiff may be served through the undersigned counsel.

3.      Defendant, Kroger Texas, L.P. is a corporation doing business in the State of Texas for the purpose of accumulating profits and can be served by its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant may be found. Plaintiff requests issuance of citation to Defendant.

**EXHIBIT A**

## JURISDICTION & VENUE

4.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of more than $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.      Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

6.      On July 3, 2018, Plaintiff was a customer on the premises of a Kroger Texas, L.P.'s grocery stores located at 19300 West Lake Houston Parkway, Humble, Texas 77346, in Harris County, Texas. Upon information and belief, at the time of the incident, Plaintiff was lawfully on the premises when he slipped on a foreign liquid substance and fell, causing him to suffer significant and painful bodily injuries as a result.

7.      There were no caution or warning signs posted near the area where Plaintiff slipped and fell to warn guests such as the Plaintiff of the unreasonably dangerous condition. Furthermore, Defendant had actual and constructive notice of the dangerous condition and failed to remedy it and/ or otherwise prevent the happening of the incident.

8.      No facts suggest that anything Plaintiff did or failed to do in any way caused or contributed to the collision or resulting damages.

2

**EXHIBIT A**

## CAUSES OF ACTION

### <u>Count One</u>
### (Negligence)

9.     Plaintiff incorporates all prior paragraphs of this petition here.

10.    Because Plaintiff was on Defendant's premises as a customer, he was an invitee at the time of the incident. The liquid substance was located inside of Defendant's premises and posed an unreasonable risk of harm to its business patrons, including Plaintiff. Defendant knew or reasonably should have known of the danger posed by the liquid on its premises. Defendant owed a duty to its customers, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

(1)   failing to follow its own policies and industry standard procedures;

(2)   failing to place an employee next to the dangerous condition until it could be remedied;

(3)   ignoring notifications of the existence of the condition and failing to take action to remedy same;

(4)   failing to place caution signs and/or otherwise warn invitees, such as Plaintiff, of the dangerous condition in the area open to invitees;

(5)   failing to verbally warn invitees, such as Plaintiff, of the condition in an open area;

(6)   failing to make condition reasonably safe by removing hazardous material from an open area; and

(7)   failing to properly inspect and maintain its premises, knowingly aware that guests continuously use their hallway.

11.    Defendant's negligence is both the cause-in-fact and a proximate cause of Plaintiff's damages.

3

**EXHIBIT A**

## DAMAGES

12.     Plaintiff's damages include, *inter alia*, injuries to his back, hip, and other parts of his body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.  Therefore, Plaintiff brings suit for the following damages:

(1)     past and future physical pain and suffering;

(2)     past and future physical impairment;

(3)     past and future mental anguish; and

(4)     past and future medical expenses.

## REQUEST FOR DISCLOSURE

13.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose and/or produce the information and materials described in Rule 194.2 within fifty days (50) of the service of this request.

## DEMAND FOR JURY TRIAL

14.     Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

4

**EXHIBIT A**

Respectfully submitted,

**COLLUM LAW FIRM, P.C.**

By:___*/s/ J. Joshua Collum*
     J. Joshua Collum
     State Bar No. 24087329
P.O. Box 6901
Houston, Texas 77256
Telephone:  (346) 954-4076
Facsimile:  (346) 954-4110
jjc@collumlawfirm.com

**Attorney for Plaintiff**

5

**EXHIBIT A**